IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **TIMOTHY CLARKE BAGWELL, Ph.D.,**<br><br>Plaintiff,<br><br>vs.<br><br>**EXCELSIOR UNIVERSITY, DAVID SCHEJBAL, MARK HOWE, FRANK AZUOLA, SCOTT DOLAN, LEAH M. SCIABARRASI and SANTARVIS BROWN,**<br><br>Defendants. | Case No.: 4:24-cv-01012-JSD |

## MEMORANDUM IN SUPPORT OF DEFENDANTS DAVID SCHEJBAL, MARK HOWE, FRANK AZUOLA, SCOTT DOLAN, LEAH M. SCIABARRASI AND SANTARVIS BROWN'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendants David Schejbal, Mark Howe, Frank Azuola, Scott Dolan, Leah M. Sciabarrasi and Santarvis Brown ("Individual Defendants") file this Memorandum in Support of their Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### BACKGROUND

Pro Se Plaintiff filed his Complaint in this Court on July 24, 2024, alleging discrimination in employment pursuant to the Age Discrimination in Employment Act ("ADEA") of 1967, as codified, 29 U.S.C. §§ 621 to 634. *See*, Doc. #1. Plaintiff named as Defendants in this action his employer, Excelsior University, and the Individual Defendants, sued individually and all identified by their job titles as employees of Excelsior University. *Id*. According to Fed Rule 12(b)(b), Plaintiff fails to state a claim under the ADEA upon which relief can be granted against the Individual Defendants and his claim against them must be dismissed.

## ARGUMENT AND AUTHORITIES

A.   **LEGAL STANDARD – MOTIONS TO DISMISS UNDER RULE 12(b)(6)**

When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). The Court must determine whether the Complaint states a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (holding a complaint must contain sufficient factual matter accepted as true, to "state a claim to relief that is plausible on its face"). "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

B.   **THE INDIVIDUAL DEFENDANTS CANNOT BE HELD LIABLE UNDER THE ADEA AND MUST BE DISMISSED.**

The Individual Defendants have individually been sued as employees of Defendant Excelsior University, and as such, must be dismissed from this case brought only for violation of the ADEA. *See,* Doc #1*; see also*, *McCoo v. BJC Health Sys.*, No. 4:24-CV-00714 SPM, 2024 WL 2699882, at *3, fn 3 (E.D. Mo. May 24, 2024) ("Because Title VII and the ADEA are treated analogously, district courts in the Eighth Circuit have determined that there is no individual liability under the ADEA, even though the Court of Appeals itself has not ruled on the issue. *See White v. Ameren*, 2022 WL 16649507, at *3 (E.D. Mo. 2022) (dismissing ADEA claim against individual for failure to state a claim); *Drowns v. Village of Oakview Board of Trustees*, 2022 WL 17489951, at *4 (W.D. Mo. 2022) (finding that individual employee was not subject to liability under ADEA); *Bartunek v. eFrame*, LLC, 2016 WL 5854215, at *1 (D. Neb. 2016) (applying Title VII rule that liability cannot be imposed on individual supervisors or co-workers to ADEA claim);

and *Wortham v. Am. Family Ins. Co.*, 2002 WL 31128057, at *4 (N.D. Iowa 2002) ("While the Eighth Circuit has not explicitly decided the issue, relevant case law strongly suggests that it would conclude that there is no individual liability under the ADEA"). In addition, several other Circuits have reached the same conclusion that there is no individual liability under the ADEA. *See Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 510 (4th Cir. 1994) (explaining that under the ADEA, "personal liability would place a heavy burden on those who routinely make personnel decisions for enterprises employing twenty or more persons, and we do not read the statute as imposing it"); *Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996) (holding "that the ADEA provides no basis for individual liability for supervisory employees"); *Csoka v. U.S. Government*, 94 F.3d 647, 1996 WL 467654, at *5 (7th Cir. 1996) (unpublished opinion) ("The ADEA, like Title VII, does not authorize individual liability claims against ... employees"); *Miller v. Maxwell's Int'l*, 991 F.2d 583, 587 (9th Cir. 1993) (stating that "[i]f Congress decided to protect small entities with limited resources from liability, it is inconceivable that Congress intended to allow civil liability to run against individual employees"); and *Smith v. Lomax*, 45 F.3d 402, 403 n.4 (11th Cir. 1995) (noting that two individuals sued under the ADEA could not be liable because plaintiff was employed by the county.").

Here, Plaintiff's alleged ADEA violation fails to state a claim for relief which may be granted against the Individual Defendants, all employees of Defendant Excelsior University, thus Plaintiff's Complaint against them must be dismissed.

## CONCLUSION

For the foregoing reasons, the Individual Defendants respectfully request this Court grant their Motion to Dismiss Plaintiff's Complaint against them and grant such other and further relief as the Court deems just and proper.

    Respectfully submitted,

    */s/ Harry W. Wellford, Jr.*
    Harry W. Wellford, Jr., Bar No. 32305
    hwellford@littler.com
    Colleen J. Vetter, Bar No. 38353
    cvetter@littler.com
    LITTLER MENDELSON, P.C.
    600 Washington Avenue
    Suite 900
    St. Louis, MO  63101
    Telephone:   314.659.2000
    Facsimile:    907.921.7423

    *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

A copy of the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system and served via U.S. First Class mail, postage prepaid, on this 16th day of August 2024, upon the following:

Timothy Clarke Bagwell
3424 Tedmar Avenue
St. Louis, MO 63139
tim@timbagwell.com

*Pro Se Plaintiff*

    */s/ Harry W. Wellford, Jr.*